*(margin: LAWRENCE v. BURRIS.)*

---

## SUCCESSION OF ROSEMOND DOUCET.

Where in a marriage contract it was stipulated, that in case of the death of either party, the property should return to the estate of the person to whom it had belonged—*Held :* That there is nothing in such a contract to prevent a widow in necessitous circumstances from claiming her *marital fourth* under Article 2359 of the Civil Code.

APPEAL from the District Court of the Parish of St. Landry, *Martel*, J. *Dupré & Garland*, for administrator and appellant. *J. E. King*, for opponent.

MERRICK, C. J. This appeal is taken from a decree of the lower court allowing the opponent the marital fourth in the succession of her late husband, *Rosemond Doucet*, deceased.

Appellant's counsel thus state their case :

" *Clément Hollier*, the administrator of the estate of the late *Rosémond Doucet*, having filed a final account of his administration, with a distribution of the estate among the heirs, his surviving wife opposed the same, claiming the marital fourth under the Article 2359 C. C. Not disputing the facts proved, which establish that this would be a proper case for the application of this Article, we contend on the part of the appellant, that the opponent is debarred from claiming the marital portion out of the estate of her deceased husband, because she has

renounced the same in the third clause of their marriage contract, which is in these words : " En cas de mort sans enfants, les biens retourneront à la source d'où ils proviennent."

The marriage contract of the parties is but a little more than a contract adopting the system of the community which would have governed without the contract. The first article of the marriage contract adopts the community of acquets and gains. The second provides, that each of the spouses shall pay the debts contracted before the marriage out of their respective separate estate. The third is recited above in full. The fourth authorizes the wife to accept or renounce the community. The fifth and last enumerates the separate estate of the husband brought into the marriage. We think that this contract was not intended to cover all possible contingencies which might happen, and that in adopting certain general provisions of the law, the parties did not intend to exclude all other provisions of the law relative to their reciprocal rights growing out of the relation of husband and wife. C. C. 1959, 1962. By the marriage contract, the parties have contracted that in the event of death, the property should return to the survivor and to the estate of the person to whom it respectively belonged. The law provided for the same. And as the widow could only claim the marital fourth after the settlement of the estate of her husband, it must follow that she was bound· in the one case as much as the other, to make such return to the estate, in order that it might be settled, and it might be known whether or not the husband died rich, leaving her in necessitous circumstances. The widow appears to have made the return stipulated in the contract, and nothing prevents her from claiming her marital fourth under another provision of law applying to a case not provided for by the contract.

As we are clearly of the opinion that· the case before us was not contemplated by the contract, we deem it unnecessary to inquire whether the wife can, by her marriage contract, derogate from her right to claim the marital fourth in the event of her husband's death, by which she is left in necessitous circumstances.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be affirmed as to the parties to the present appeal, and that the appellants pay the costs of the appeal.